UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DREAM CAPITAL MANAGEMENT | ) |
| | ) |
| v. | ) CIVIL NO. 2:21-cv-00173-NT |
| | ) |
| DEUTSCHE BANK NATIONAL TRUST COMPANY | ) |

PROCEDURAL ORDER

The Notice of Intent to File Summary Judgment Motion and Request for Pre-Filing Conference having been filed in accordance with Local Rule 56(h), it is hereby ordered that all pending deadlines set forth in the Scheduling Order are hereby STAYED. The Court will re-establish the Scheduling Order deadlines at the Local Rule 56(h) Pre-Filing Conference scheduled for January 6, 2022, at 11:00 AM before Nancy Torresen, U.S. District Judge.

In order to ensure that the Court and all parties are prepared for the requested Local Rule 56(h) conference, the following process shall be followed in this case:

Each party intending to file a motion for summary judgment ("movant") shall file a short memorandum, not to exceed seven double-spaced pages, that includes the following:

(1) **BASIS:** What counts, counterclaims or affirmative defenses the movant intends to move for summary judgment.

(2) **ISSUES:** A brief list of the legal issues that will require summary judgment, including any particularly relevant case or statutory citations, and how the facts are undisputed on the issue in question.

(3) **ESTIMATED MEMORANDUM LENGTH:** An estimated page length for the motion. To the extent the movant expects to exceed the default 20 page maximum in Local Rule 7(e), the movant shall ensure that its pre-conference filing provides good cause for granting a larger page limit.

(4) **ESTIMATED FACTUAL STATEMENT LENGTH:** An estimate of the number of statements of material fact to be filed in accordance with Local Rule 56(b).

(5) **ESTIMATED RECORD:** To the extent that the Statement of Material Fact will be supported by to-be-filed portions of the record, a brief description of what will be filed (e.g., declarations, deposition excerpts, contracts, other documentary evidence, etc.) and an estimate of the total number of pages to be filed.

This pre-conference filing shall be made no later than December 9, 2021.

A party that will only seek to oppose summary judgment need not make any pre-conference filing. To the extent any nonmovant wishes to make a responsive pre-conference filing, the nonmovant may do so within seven days of the movant's filing of the required pre-conference memorandum. Any pre-conference memorandum by a nonmovant shall not exceed seven double-spaced pages and shall include:

(1) **ISSUES:** A brief list of any additional legal issues that will be raised in opposing summary judgment, including any particularly relevant case or statutory citations. What, if any, material facts are genuinely in dispute. To the extent the nonmovant anticipates opposing summary judgment pursuant to Federal Rule of Civil Procedure 56(d), the nonmovant shall indicate what essential facts are needed to justify its opposition.

(2) **ESTIMATED MEMORANDUM LENGTH:** An estimated page length for the response. To the extent the party expects to exceed the default 20 page maximum in Local Rule 7(e), the party shall ensure that its pre-conference filing provides good cause for granting a larger page limit.

(3) **ESTIMATED FACTUAL STATEMENT LENGTH:** An estimate of the number of additional statements of material facts to be filed in accordance with Local Rule 56(c).

(4) **ESTIMATED RECORD:** To the extent that the Opposing Statement of Material Fact will be supported by additional to-be-filed portions of the record, a brief description of what will be filed (e.g., declarations, deposition excerpts, contracts, other documentary evidence, etc.) and the estimated number of additional pages the nonmovant would file.

***Required Conference of the Parties:*** Once all of the memoranda are filed, the parties shall confer in good faith and determine whether any agreements can be

reached that would narrow the legal issues or limit any factual disputes for purposes of summary judgment. The parties shall specifically discuss whether it is possible to present a joint record and/or any stipulations in accordance with Local Rule 56(g). The parties shall be prepared to discuss the outcome of their conference at the pre-filing conference.

At the pre-filing conference, the parties shall also be prepared to discuss the time within which the motion for summary judgment shall be filed and whether or not either party intends to file any *Daubert* and/or *Kumho* motions as well as the issues, timeliness and length of such *Daubert* and/or *Kumho* motions.

No pre-conference memoranda filed pursuant to this Order shall be deemed binding on the parties. However, the Court will use the filings, along with the conference, to determine the most efficient process for summary judgment briefing.

SO ORDERED.

<u>/s/ Nancy Torresen</u>
Nancy Torresen
United States District Judge

Dated: December 2, 2021.