UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DREAM CAPITAL MANAGEMENT LLC AS TRUSTEE FOR DCFI NPN2 0215001 TRUST,<br><br>        Plaintiff,<br><br>        v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF THE RESIDENTIAL ASSET SECURITIZATION TRUST 2006-A9CB, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-1 UNDER THE POOLING AND SERVICING AGREEMENT DATED JULY 1, 2006, *et al.*<br><br>        Defendants | CIVIL ACTION NO. 2:21-cv-00173-NT |

**DEFENDANT'S SHORT MEMORANDUM PURSUANT TO PROCEDURAL ORDER**
**(ECF NO. 68)**

Defendant Deutsche Bank National Trust Company As Trustee For Residential Asset Securitization Trust Series 2006-A9cb Mortgage Pass-Through Certificates Series 2006-I incorrectly pled as "Deutsche Bank National Trust Company, As Trustee Of The Residential Asset Securitization Trust 2006-A9CB, Mortgage Pass-Through Certificates Series 2006-1 Under The Pooling And Servicing Agreement Dated July 1, 2006" (hereinafter referred to as "*Trustee*"), by its attorneys, Duane Morris LLP, and pursuant to Me. L. R. Civ. Proc. 56(h), consistent with ECF No. 10, submits this Short Memorandum:

**I.    BASIS FOR MOTION:**

Plaintiff DREAM Capital Management LLC as Trustee for the DCFI NPN2 0215001 Trust ("*Plaintiff*") claims ownership of the Property located at 65 Wellwood Road, Portland,

Maine 04103 (the "***Property***") as a result of a foreclosure action filed in Cumberland County Superior Court entitled *DREAM Capital Management LLC v. Hennessey, et als.,* Case No. RE-2016-365 (the "***Dream Foreclosure***"). Trustee holds a recorded mortgage on the Property (the "***Mortgage***"). Plaintiff took title to the Property through the Dream Foreclosure subject to the Mortgage.

Plaintiff filed this action on February 5, 2021 with the Cumberland County Superior Court (the "***State Court Matter***"), seeking to avoid and strike from the record the Mortgage on the basis that: (i) a certain assignment (the "***Assignment***") is void because it is signed by Mortgage Electronic Registration Systems ("***MERS***") and such assignments are of no legal effect under *Bank of America, N.A. v. Greenleaf*, 96 A.3d 700, 707-08 (Me. 2014); and (ii) the Quitclaim Assignment ("***Quitclaim Assignment***") executed and filed by the originating lender, Nation One Mortgage Company, Inc., after it was administratively dissolved in the State of Massachusetts is of no legal effect. Trustee thereafter removed the State Court Matter to this Court.

Because there is no material dispute regarding Plaintiff's and Trustee's respective positions regarding and interest in the Property, Trustee intends to move for summary judgment in support of its position that Plaintiff is not entitled to an order voiding and discharging the Mortgage. The motion will be supported by an Affidavit of a representative of Trustee, as well as documents and information that are a matter of public record.

## II. ISSUES

1. **Whether Summary Judgment is appropriate because there are no material facts in dispute**: Summary judgment is appropriate when the record shows that there is "no genuine issue as to any material fact." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S.

317, 322 (1986). To overcome a motion for summary judgment, the non-movant "may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 n.11 (1986).

2. **The sufficiency of an assignment of mortgage is not conclusive of the validity of the underlying mortgage but only as to standing in a mortgage foreclosure action**: *Bank of America, N.A. v. Greenleaf*, 96 A.3d 700, 707-08 (Me. 2014); 33 M.R.S.A. § 508. The facts are undisputed on this issue because Plaintiff does not challenge the *existence* of any prior assignment of mortgage or the Quitclaim Assignment. Rather, Plaintiff challenges the legal sufficiency of those assignments, and whether a failed assignment invalidates the underlying mortgage. That is a question of law.

3. **The Quitclaim Assignment in favor of Trustee is valid and enforceable**: MGL Chapter 156D § 17.01; MGL Chapter 156D § 14.21(c); MGL Chapter 156D § 14.05(a)(5). The facts are, or should be, undisputed on this issue because Trustee intends to rely only on documents and information that are a matter of public record. And, Plaintiff's challenge to the validity of the Quitclaim Assignment is not based on a factual issue, but rather on a legal interpretation of Massachusetts law relative to a dissolved corporation and its ongoing ability to wind up its affairs.

### III. ESTIMATED MEMORANDUM LENGTH

Trustee estimates the length of its opening brief to be between 10 and 15 pages, but in no event will it exceed the limitations of Local R. 7(e).

DM1\12675782.1

**IV.     ESTIMATED FACTUAL STATEMENT LENGTH**

The estimated number of statements of material fact to be filed in accordance with Local Rule 56(b) is 30.

**V.     ESTIMATED RECORD**:

Trustee intends to support its Statement of Material Facts with an Affidavit from a representative of the mortgage servicer, with exhibits that will include the Note, Mortgage, Assignments.  Additionally, Trustee intends to support its Statement of Material Facts with public records documents pertaining to the formation, existence and ultimate dissolution of Nation One Mortgage Company, Inc.  Trustee estimates that the total number of pages to be filed will be no more than 75 pages, inclusive of the referenced affidavits.

Dated: December 9, 2021                                              Respectfully submitted,

                                              By     /s/ Brett L. Messinger
                                                     Brett L. Messinger
                                                     Elizabeth M. Lacombe
                                                     **DUANE MORRIS LLP**
                                                     2 Monument Square, Suite 505
                                                     Portland, ME  04101
                                                     Phone (215) 979-1508
                                                     Email: blmessinger@duanemorris.com

                                                     *Attorneys for Defendant*

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DREAM CAPITAL MANAGEMENT LLC AS TRUSTEE FOR DCFI NPN2 0215001 TRUST,<br><br>   Plaintiff,<br><br>   v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE OF THE RESIDENTIAL ASSET SECURITIZATION TRUST 2006-A9CB, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-1 UNDER THE POOLING AND SERVICING AGREEMENT DATED JULY 1, 2006, *et al.*<br><br>   Defendants | CIVIL ACTION NO. 2:21-cv-00173-NT |

## **CERTIFICATE OF SERVICE**

I, Brett L. Messinger, hereby certify that a copy of foregoing was filed electronically through the ECF system and will be sent electronically to any registered participants as identified on the Notice of Electronic Filing (NEF). Paper copies will be sent to those indicated as non-registered participants on December 9, 2021.

                By: /s/ Brett L. Messinger
                   Brett L. Messinger
                   Elizabeth M. Lacombe
                   **DUANE MORRIS LLP**
                   2 Monument Square, Suite 505
                   Portland, ME 04101
                   Phone (215) 979-1508
                   Email: blmessinger@duanemorris.com