UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| Dream Capital Management LLC as Trustee for the DCFI NPN2 0215001 Trust<br><br>**Plaintiff**<br><br>vs.<br><br>Deutsche Bank National Trust Company as Trustee of the Residential Asset Securitization Trust 006-A9CB, Mortgage Pass-Through Certificates Series 2006-1 Under The Pooling And Servicing Agreement Dated July 1, 2006<br><br>**Defendant**<br><br>OneWest Bank, FSB n/k/a CIT Bank, N.A.;<br>Internal Revenue Service;<br>Midland Funding LLC;<br>Sheila Hennessey; and<br>Dennis Hennessey;<br><br>**Parties-in-Interest** | CIVIL ACTION NO: 2:21-cv-00173-NT<br><br><br><br>RE:<br>65 Wellwood Road, Portland, ME 04103<br><br>Mortgage:<br>June 19, 2007<br>Book 25254, Page 180<br>Cumberland County Registry of Deeds |

**MEMORANDUM IN OPPOSITION TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

NOW COMES the Plaintiff, Dream Capital Management LLC as Trustee for the DCFI NPN2 0215001 Trust, ("Dream Capital"), by and through undersigned counsel, and hereby submits this Memorandum of Law in Opposition to the Motion for Summary Judgment filed by the Defendant, Deutsche Bank National Trust Company as Trustee of the Residential Asset Securitization Trust 006-A9CB, Mortgage Pass-Through Certificates Series 2006-1 Under The Pooling And Servicing Agreement Dated July 1, 2006, (Deutsche Bank").[1]

---

[1] The Defendant's filings refer to themselves as "Trustee" however since both Plaintiff and Defendant are Trustees of Trusts the first two names of each entity are referenced throughout the Plaintiff's pleadings.

## I. INTRODUCTION

This action arises out of Dream Capital's Complaint for Declaratory Judgment following the 2018 foreclosure of its properly assigned mortgage lien by sale of the property located at 65 Wellwood Road, Portland, ME 04103 (the "Property").[2] Said Mortgage was given by Sheila Hennessey and Dennis Hennessey ("Hennessey") to Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for Advanced Financial Services, Inc., dated June 19, 2007, and recorded with the Cumberland County Registry of Deeds in Book 25254, Page 180.[3] Dream Capital obtained a Judgment of Foreclosure and Sale in the amount of $96,951.66 dated June 6, 2017 and recorded in the Cumberland County Registry of Deeds in Book 34841, Page 130 and held a foreclosure sale on November 9, 2018.[4] Dream Capital was the high bidder, and the Deed to the Property was recorded on August 2, 2019 in Book 35857 at Page 89 of the Cumberland County Registry of Deeds.[5]

This action seeks, by way of a declaratory judgment, to remove an encumbrance on title to the Property (*i.e.,* a recorded first mortgage that is unenforceable as a matter of law). The heart of the matter is whether, following a failed attempt to foreclose, dismissed on Deutsche Bank's own motion for lack of standing, as well as a series of admittedly ineffectual assignments, the recordation of a document titled "QUITCLAIM ASSIGNMENT," ("QCAOM"), executed over six years after the corporation dissolved was sufficient to transfer title to Deutsche Bank such that it would be entitled to foreclose the mortgage upon the mortgagors' default and successfully defend this action to remove the lien as an encumbrance unenforceable as a matter of law. Deutsche Bank asserts that, even if they do not have standing to foreclose, it does not matter because "unless and until Trustee

---

[2] Doc. 14-9.
[3] Doc. 14-9.
[4] Doc. 14-9.
[5] Doc. 14-10.

seeks to enforce its rights under the Mortgage against the Property, there is no dispute." [6]

Dream Capital maintains that while quitclaim assignments may be effective to convey title in many circumstances, the document is void and of no legal effect, where, as here, the QCAOM was executed on May 4, 2018, by an individual who represented in a document that he *is* the President of Nation One Mortgage, Inc. ("Nation One") notwithstanding the fact that Nation One was involuntarily dissolved in Massachusetts on June 18, 2012, and whereas the document was executed with no stated good faith factual basis for the fact of the apparent attempt to transfer Nation One's interest. [7]   Clearly, the question of whether the signor of the QCAOM, Mark C. Tribuna ("Tribuna"), had the authority to execute the purported assignment is a factual issue in dispute which precludes summary judgment. This question of authority, following Deutsche Bank's 2009 failed attempt at foreclosure, dismissed on Deutsche Bank's own motion on January 7 2015, for an acknowledged lack of standing,[8] supports the equitable relief sought in this matter. Deutsche Bank has taken no action to get a valid assignment or to enforce the lien it claims to hold notwithstanding the fact that the loan is apparently in default since at least 2009, and Deutsche has been aware of the deficiency its standing at least since 2015.[9] Deutsche Bank's failure to timely rectify the issue affecting its standing to enforce the mortgage, erodes the equity position of Dream Capital daily, and puts the Property and the surrounding homeowners at risk.[10]  If Summary Judgment is not granted in favor of Dream Capital based on the undisputed fact that the QCAOM was signed five years after Nation One was dissolved, it must, at a minimum be denied to Deutsche Bank who has not, and cannot, establish that there are no material facts in dispute.

---

[6] Doc. 15, p. 9.
[7] Docs. 14-8.
[8] Doc 20, p. 4 and Doc. 20-4.
[9] Doc 20, p. 4 and Doc. 20-4.
[10] Doc 20, p. 3 and Doc. 20-1.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

For a complete statement of undisputed facts, please refer to the Opposing Statement of Material Facts incorporated herein by reference.

## III.     LEGAL STANDARD

Summary Judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R. Civ. P. 56(a). The moving party must demonstrate that there is "an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). For the movant to prevail, it must demonstrate that "the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex Corp.*, 477 U.S. at 323.

Once the moving party satisfies its initial burden, the nonmovant bears the burden of demonstrating that a trier of fact could reasonably resolve each issue on which the nonmovant bears the burden of proof at trial in his favor. *Borges ex rel. S.M.B.W. v. Serrano-Isern*, 605 F.3d 1, 5 (1st Cir. 2010); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). In that respect, the nonmovant "may not rest upon mere allegations or denials of his pleading but must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *see also First Nat'l Bank v. Slade*, 379 Mass. 243, 399 N.E.2d 1047, 1050 (1979) (instructing that vague or general allegations of expected proof, conclusory statements, and mere assertions made by the opposing party are insufficient to defeat a motion for summary judgment). Rather, the opposing party must respond with specific facts evidenced through affidavits, admissions, answers to interrogatories and depositions, establishing the existence of a "genuine issue for trial." *Celotex Corp.,* 477 U.S. at

324. If the opposing party has no reasonable expectation of proving an essential element of their case, that failure of proof mandates summary judgment in favor of the moving party. *Celotex Corp.*, 477 U.S at 323).

In this case, although the Motion for Summary Judgment is brought by the Defendant, pursuant to Fed.R.Civ.P. 56(f), the Court may grant summary judgment for the non-movant. Where, as of the filing of this Motion, Deutsche Bank has not established its standing to enforce the alleged first mortgage, summary judgment in favor of the Plaintiff is warranted.

### III. ARGUMENT AND AUTHORITIES

A.     THE QCAOM IS INSUFFICIENT TO CONVEY STANDING TO ENFORCE THE FIRST MORTGAGE.

    1. **The QCAOM is invalid as it was executed more that three years after dissolution of Nation One.**

The 2018 QCAOM was executed without the appropriate corporate authority required under Massachusetts Law.[11] It is undisputed that Tribuna executed the QCAOM claiming to be the president of a dissolved Massachusetts corporation, however, there is no evidence of authority necessary to execute such an instrument, nor is there evidence that Tribuna was granted such authority by a receiver appointed for such purposes. *See* Massachusetts General Laws Chapter 155, §§ 51 and 52 (the "corporate continuation statutes"). Section 51, and the caselaw interpreting the same, provides that a dissolved corporation continues as a body corporate for only three (3) years after dissolution. Further, Massachusetts General Laws Chapter 155 inherently requires that actions by a dissolved corporation be done within a reasonable time period. *See Russell Box Co. v. Comm'r of Corp. & Taxation,* 325 Mass. 536, 91 N.E.2d 750, 752 (1950)("Section 51 provides that a corporation whose existence is terminated shall nevertheless be continued as a body corporate for three years for the purpose of prosecuting and defending suits and of enabling it gradually to settle and close its

---

[11] Docs. 14-8; and Doc 20, p. 3 and Doc. 20-3.

affairs but not for the purpose of continuing its business. Section 52 provides that this court or the Superior Court may appoint receivers for such a corporation and may continue their powers and the existence of the corporation as long as necessary for such purposes.").

The corporate continuation statutes are essential to the "orderly liquidation of [corporate] affairs." *Pagounis v. Pendleton*, 52 Mass. App.Ct. 270, 753 N.E.2d 808, 813 (2001), *quoting Zottu v. Elec. Heating Corp.,* 334 Mass. 442, 135 N.E.2d 920, 923 (1956). Here, Deutsche Bank did not request that the QCAOM be executed within three years of Nation One being dissolved.[12] Further, Deutsche Bank did not file any action under G.L. c. 155, § 52 to appoint a receiver to act on behalf of Nation One with respect to the QCAOM notwithstanding the fact that Deutsche Bank sought action by Nation One more than three years after the dissolution thereof. Accordingly, the QCAOM is an *ultra vires* instrument that is ineffective unless ratified by a receiver appointed to act on Nation One's behalf following its dissolution. *See Hyams v. Old Dominion Co.*, 113 Me. 294, ¶ 10, 93 A. 747 (1915). If not dissolved by operation of law, whether Nation One ratified the QCAOM is a question of fact to be determined by a jury. *See Glovin v. Eagle Clothing Co.*, 247 Mass. 215, 142 N.E. 80, 80-81 (1924); *see also Law v. Cross*, 66 U.S. 533, 539 (1861). Where, as here, Nation One dissolved six years prior to the act, the lack of authority renders the document facially ineffective, and at the very least, inquiry into what business records her reviewed prior to signing, who requested the signatures, what compensation he received, what authority he believed he had and etc. will be relevant factual issues.

Further, Deutsche Bank's claim that the corporate continuation statutes do not apply because the dissolved corporation, Nation One, was organized under Chapter 156D is not supported. The exception language found in G.L. c. 156D, § 17.01 applying the provisions thereof to domestic corporations "except corporations organized for the purpose of carrying on the business of a bank," does not have the effect of creating an eternal corporation with the power to transfer

---

[12] Docs. 14-8.

assets or divest itself of any residual interest in an asset, including a Mortgage, in perpetuity. Such a conclusion would render the provisions of G.L. c. 155, §§ 51 and 52 superfluous. Moreover, Nation One clearly considered itself a mortgage lender and commercial and residential mortgage banking was its stated purpose.[13]

The correct choice of law for this issue may however also preclude judgment as the Mortgage Deutsche Bank seeks to enforce, at paragraph 16, provides that the law that governs the instrument is Maine law. [14]

### 2. Deutsche Bank's lack of a valid assignment or Court Order confirming its interest in the first mortgage precludes Summary judgment.

It is true that the dissolution of the original lender does not render a "MERS Mortgage" *per se* invalid. However, the issue to be determined is not whether all MERS Mortgages are invalid upon the dissolution of the original lender, but rather, whether this one mortgage is unenforceable and should be discharged in equity where, as here, Deutsche Bank, does not possess a valid assignment of the original first Mortgage and it has failed to cure its standing issue while the property and Dream Capital's interest eroded. This Mortgage was never, and is not now, in Deutsche Bank's ownership. *See Beal Bank, USA v. New Century Mortg. Corp.* 2019 ME 150, ¶ 15, 217 A.3d 731 (2019). Under *Beal Bank* and *Greenleaf*, MERS lacked the requisite authority to transfer said mortgage while standing in the position of a nominee. *See id.* at ¶ 9; *Greenleaf*, 2014 ME 89, ¶¶ 13-17, 93 A.3d 700. Thus, Deutsche Bank is neither the owner nor in physical possession of the Mortgage. *See Beal Bank*, 2019 ME 150, ¶ 9, 217 A.3d 731; *Greenleaf*, 2014 ME 89, ¶¶ 13-17, 93 A.3d 700. As such, Deutsche Bank not in conformity with 11 M.R.S.A. § 3-1201, *et seq*. Deutsche Bank attempts to avoid the logical consequences of its failure to take timely action to enforce its lien by asserting a perpetual placeholder of its interest "[u]nless, and until, [Deutsche Bank] or some other party attempts to

---

[13] Doc. 14-5
[14] Doc. 14.

enforce the Mortgage through a foreclosure action." Deutsche Bank asserts that, until such time, "no dispute exists that is ripe for adjudication,"[15] however, there is clearly a dispute in the instant matter concerning ownership of the Property and the benefits and responsibilities of that ownership, which cannot and should not be indefinitely suspended.

Caselaw in Maine provides that, when it is identified as the nominee for the original lender, MERS only has the right to record the Mortgage; not to assign it. *See Greenleaf,* 2014 ME 89, ¶ 14, 96 A.3d 700. In previous litigation (*Dream Capital Management, LLC v. Hennessey,* Cumberland Superior Court Docket RE-2016-365), Deutsche filed an Answer specifically stating that it was "without knowledge or information sufficient to form a belief as to" whether it held the first mortgage recorded at the Cumberland County Registry of Deeds at Book 23843, Page 1. *See* Compl., Exhibit G, Doc 1-1. Deutsche Bank was later dismissed from that litigation under Title 14 § 6321. *See* Compl., Exhibit H, Doc 1-1; *see also* Doc 20, p. 4 and Doc. 20-4.   These representations preclude Deutsche Bank from now claiming that there is no genuine issue of fact with respect to its alleged ownership interest in the mortgage, which is the subject matter of this litigation.

Likewise, *Laches,* specifically the failure to take any action to address its standing deficiency, further precludes Deutsche Bank from now claiming that there is no genuine issues of fact with respect to its alleged ownership interest in the first mortgage sufficient to justify summary judgment in its favor. What Deutsche Bank *may do* or *could do* to enforce what it claims to be a first mortgage lien, in year 14, 15 or 16 . . . after the default, cannot support judgment in its favor. *See* **Anderson**, **477 U.S. at 256. The** failure to take action to obtain a valid assignment while on notice of the clear deficiencies in its standing to enforce the first mortgage, at least since 2015, and, specifically, the deficiencies of the 2018 QCAOM precludes summary judgment in favor of Deutsche Bank.  As a matter of equity, the failure to take action to preserve and protect the property itself further

---

[15] Doc 15.

precludes Deutsche Bank from interfering with Dream Capital's efforts to enforce its ownership interest in the Property following its lawful foreclosure of its validly assigned lien.

### 3. Deutsche Bank's claim that this case is "purely academic" is belied by the factual record and precludes summary judgment.

Deutsche Bank's argument that *Beal Bank* does not control because it has *done nothing* since 2015 to enforce its interest is inconsistent with the spirit of the holding reached therein. The facts presently before the Court are consistent with the facts at issue in *Beal Bank* in that the mortgagee therein purportedly received the mortgage upon which it sought to foreclose by way of an Assignment of Mortgage from MERS, in its capacity as a nominee for the mortgage originator. *Compare Beal* Bank, 2019 ME 150, ¶ 3, 217 A.3d 731. Here, the chain of title as set forth in the foregoing paragraphs herein, clearly demonstrates and evidences that Deutsche Bank acquired the subject Mortgage in the same exact manner as that reviewed, considered and ruled upon as being invalid under Maine law in *Beal Bank*.

Deutsche Bank's failure to take any action to obtain a valid assignment and to enforce its lien cannot support the windfall that would result by allowing this mortgage to retain a "superior position" with interest and "costs of collection" including 12 years of attorney fees and climbing until Dream Capital has no remaining equity in the Property. Especially where, as here, the Plaintiff has engaged in consistent efforts to enforce its lien and to preserve the Property. At the very least, by virtue of equitable subrogation, the "superior lien" should be limited to principle and nothing more.

Dream Capital obtained a Judgment of Foreclosure and Sale in the amount of $96,951.66 dated June 6, 2017 and recorded in the Cumberland County Registry of Deeds in Book 34841, Page 130. It held a foreclosure sale on November 9, 2018, and the final sale price was $106,250.00 and a deed conveying the subject property to Dream Capital was recorded at Book 35857, Page 89. Deutsche Bank had the opportunity to attend the sale and purchase the Property in 2019, a viable

solution to address its standing issue, yet it did not take this or any other action. Deutsche Bank's position is, in essence, "we may not be able to do anything to enforce the lien we claim to own and have not done anything to enforce, and we are willing to let the house fall into complete disrepair while we block efforts of Dream Capital to exercise the traditional incidents of ownership." Deutsche Bank specifically argues that, until it decides that it is time to once again try to establish its standing to enforce its lien, the question of enforceability of the same is "purely academic."[16] However, it is not "academic" to Dream Capital whose equity position erodes daily while Deutsche Bank waits "unless and until" it is ready to take action with respect to the first mortgage.[17] It is likewise not academic to the town or to the neighbors whose real estate abuts this dilapidated Property.[18] It is time to resolve the legal dispute and to preserve this asset. The law does not favor waste. At a minimum only the unpaid principle should be considered superior to Dream's interest as the interest fees and costs were all incurred as Deutsche Bank sat on its rights. Even the principle should not be superior to any costs and fees expended to preserve and protect the asset while awaiting a determination of interests. In any event, the legal and equitable consequences of Deutsche Bank's inaction must preclude it from obtaining Summary Judgment on the present record.

## IV.  CONCLUSION

Given the facts and circumstances related to Deutsche Bank's alleged and purported ownership of the subject Mortgage, Deutsche Bank failed, despite having more than reasonable time to do so, to take the necessary actions to cure the inadequacies of its ownership interest and presently lacks the necessary prerequisites that would allow it to successfully commence and prosecute a foreclosure action to conclusion, and in turn, to defend this action. Based upon the

---

[16] Doc 15, p 9.
[17] Doc 20, p. 3 and Doc. 20-1.
[18] Doc 20, p. 3 and Doc. 20-1.

foregoing, Dream Capital is entitled to summary judgment in that there are no material facts in dispute as to the *present* ownership of the allegedly first Mortgage, and, thus, judgment in favor of Dream Capital is warranted. Dream Capital is respectfully requesting that this Court enter summary judgment in its favor adjudging and declaring the subject mortgage as unenforceable, by any entity at this time, and, as such, discharge the lien. Alternatively, and at the very least, that this Court deny the instant Motion for Summary Judgment.

Dated: February 24, 2022                                    /s/Reneau J. Longoria, Esq.
                                                            Reneau J. Longoria, Esq., Bar No. 5746
                                                            Attorney for Plaintiff
                                                            Doonan, Graves & Longoria, LLC
                                                            100 Cummings Center, Suite 303C
                                                            Beverly, MA 01915
                                                            (978) 921-2670
                                                            RJL@dgandl.com

# CERTIFICATE OF SERVICE

I, Reneau J. Longoria, Esq. hereby certify that on this 24th day of February, 2022, I served a copy of the above document, and Plaintiff's Opposing Statement of Material Facts [ECF No. 21] by electronic notification using the CM/ECF system and/or First Class Mail to the following:

/s/Reneau J. Longoria, Esq.
Reneau J. Longoria, Esq., Bar No. 5746
Attorney for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 303C
Beverly, MA 01915
(978) 921-2670
RJL@dgandl.com

Deutsche Bank National Trust Company as Trustee of the Residential Asset Securitization Trust 006-A9CB, Mortgage Pass-Through Certificates Series 2006-1 Under The Pooling And Servicing Agreement Dated July 1, 2006
c/o Elizabeth M. Lacombe, Esq. and Brett L. Messinger, Esq.
Duane Morris LLP
100 Pearl Street, 13th Floor
Hartford, CT 06103

Dennis Hennessey
425 Broadway, Apt. 306
South Portland, ME 04106

Sheila Hennessey
425 Broadway, Apt. 306
South Portland, ME 04106

OneWest Bank, FSB n/k/a CIT Bank, N.A.
75 North Fair Oaks Avenue
Los Angeles, CA 91103

Internal Revenue Service
c/o Ashley E. Eiler, Esq.
U.S. Attorney's Office – District of ME
100 Middle Street Plaza
Portland, ME 04101

Midland Funding LLC
c/o Corporation Service Company
45 Memorial Circle
Augusta, ME 04330